THE GUARANTY SAVINGS BANK OF MANCHESTER, NEW HAMPSHIRE, V. F. M. JAMES.

No. 14,989   (89 Pac. 1132.)

FIXTURES—*Question of Fact.* Where a second floor was, without the consent of the owner of the building, laid upon the first floor, the fact that some of the nails penetrated the first floor one-fourth of an inch was said not to be conclusive proof that the second floor was permanently attached or that its removal would materially injure the first floor.

Error from Reno district court; PETER J. GALLE, judge. Opinion filed April 6, 1907. Affirmed.

*H. Whiteside,* for plaintiff in error.

*George A. Vandeveer,* and *F. L. Martin,* for defendant in error.

*Per Curiam:* Rule 7 of this court, relating to the preparation of cases to be considered, is ignored in the respect that no index of the record has been supplied. Rule 10 has also been utterly disregarded. However, as it was stated on the presentation of the case that reasons existed which palliate the infraction of the rules, we have attempted with considerable inconvenience, and much uncertainty in the absence of any specification of errors, to ascertain the merits of the case and the grounds for complaint.

The controversy was whether a second floor, laid in a building over another floor, without the consent of the owner of the building, was so attached to the first, or permanent, floor as to become a part of the real estate, or whether the second floor as laid and attached remained personal property. The court properly instructed the jury, in substance, that if the second floor was permanently attached to the floor beneath, or so attached that it could not be removed without some considerable injury to the building or floor beneath, it thereby became and was a part of the realty; otherwise it was personal property. The court also gave the jury

some other proper tests for determining this controversy.

The evidence was not entirely harmonious, and the jury found in favor of the plaintiff—that the second floor was personal property, and assessed its value.

In one of the special findings the jury stated that some of the nails penetrated the first floor one-fourth of an inch. It cannot be said from this, however, as a proposition of law, that the second floor was permanently attached or that the first floor would be injured to any material extent by the removal therefrom of the second floor.

No error having been assigned, and no material error being discovered, the judgment is affirmed.